Nos. 24-7276, 24-7377

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STATE OF ALASKA,
Plaintiff-Appellee-Cross-Appellant

v.

NATIONAL MARINE FISHERIES SERVICE,
Defendant-Appellee,

and

CENTER FOR BIOLOGICAL DIVERSITY,
Intervenor-Defendant / Appellant / Cross-Appellee

On Appeal from the U.S. District Court
for the District of Alaska (No. 3:23-cv-32-SLG)

## RESPONSE TO PETITION FOR REHEARING EN BANC

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT J. LUNDMAN
JACOB D. ECKER
*Attorneys*
U.S. Department of Justice
Environment & Natural Resources Division
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3045
jacob.ecker@usdoj.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................ii

TABLE OF AUTHORITIES..........................................................................iii

INTRODUCTION ..................................................................................... 1

STATEMENT............................................................................................. 1

ARGUMENT.............................................................................................. 6

CONCLUSION .......................................................................................... 7

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Alsea Valley All. v. Dep't of Com.,*
  358 F.3d 1181 (9th Cir. 2004).......................................................3, 4, 6

*North Carolina Fisheries Ass'n, Inc. v. Gutierrez,*
  550 F.3d 16 (D.C. Cir. 2008)..................................................................6

*Pit River Tribe v. U.S. Forest Serv.,*
  615 F.3d 1069 (9th Cir. 2010)...............................................................6

*Sierra Club v. U.S. Dep't of Agric.,*
  716 F.3d 653 (D.C. Cir. 2013)...............................................................6

*Sierra Forest Legacy v. Sherman,*
  646 F.3d 1161 (9th Cir. 2011)...............................................................4

*State of Alaska v. Nat'l Marine Fisheries Serv.,*
  No. 3:23-cv-32-SLG, 2024 WL 4298114 (Sept. 26, 2024)...................1, 2

*United States v. U.S. Bd. Of Water Comm'rs,*
  893 F.3d 578 (9th Cir. 2018)..............................................................3, 4

**Statutes**

5 U.S.C. § 706(2)(A) ...............................................................................1

16 U.S.C. § 1533(a)(3)(A)........................................................................2

16 U.S.C. §§ 1531 et seq. .......................................................................1

**Rules**

Fed. R. App. P. 40(b)(2) ..........................................................................7

## Other Authorities

87 Fed. Reg. 19,180 (Apr. 1, 2022) ............................................................. 1

87 Fed. Reg. 19,232 (Apr. 1, 2022) ............................................................. 1

## INTRODUCTION

Alaska's petition for rehearing en banc presents questions on which the Federal Defendants take no position. We write to explain that the panel opinion's threshold jurisdictional ruling does not separately warrant rehearing en banc.

## STATEMENT

1.      In April 2022, NMFS issued final rules designating critical habitat off the coast of Alaska for the Beringia distinct population segment of the Pacific bearded seal, and for the Arctic subspecies of the ringed seal (together, "ice seals") under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq.*; 87 Fed. Reg. 19,180 (Apr. 1, 2022) (bearded seal) (2-FedER-025); 87 Fed. Reg. 19,232 (Apr. 1, 2022) (ringed seal) (2-Fed-ER-076). Op. 8-9.

2.      Alaska challenged NMFS's critical-habitat designations under the ESA and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Op. 9. Center for Biological Diversity (CBD) intervened as a defendant. *Id.* The district court issued a decision in which it ruled in part for Alaska, vacated NMFS's critical-habitat designations, and remanded to NMFS. *State of Alaska v. Nat'l Marine Fisheries Serv.*, No.

1

3:23-cv-32-SLG, 2024 WL 4298114 (Sept. 26, 2024) (1-FedER-003). Op. 9-10.

The district court identified three grounds for vacating the final rules. First, NMFS failed to explain the need for the entire area designated especially given habitat outside of United States territory. *Id.* at \*9 (1-FedER-008). Second, NMFS "fail[ed] to consider foreign nation conservation efforts when designating the seals' critical habitats." *Id.* at \*11 (1-FedER-009). Third, "NMFS abused its discretion in deciding not to consider exclusion of any areas from critical habitat" based on the potential economic impacts of the designations. *Id.* at \*15 (1-FedER-012). The court vacated NMFS's final rules and remanded to the agency. *Id.* at \*16 (1-FedER-012).

3.     NMFS, CBD, and Alaska all appealed the district court's decision, but NMFS later voluntarily dismissed its appeal. Op. 10. CBD argued in support of NMFS's critical habitat designations and asked this Court to reverse. *Id.* at 17. Alaska argued that it was not "prudent" under the ESA, 16 U.S.C. § 1533(a)(3)(A), for NMFS to designate critical habitat for the ice seals. *Id.* at 18. Following voluntary dismissal of its appeal, NMFS asserted—first in a motion to dismiss and later in

2

merits briefing after the motion was denied without prejudice to briefing the issue—that this Court lacks jurisdiction over CBD's appeal. *Id.* at 10.

4.     A panel of this Court unanimously concluded that the Court had jurisdiction over CBD's appeal and, on the merits, reversed on each of the three grounds the district court gave for holding the critical habitat designations unlawful. The panel reinstated the designations and remanded with instructions to enter judgment for NMFS and CBD. Op. at 10-17, 29-30.

In concluding that this Court has jurisdiction over CBD's appeal of the district court's remand order, the panel opinion applied the multi-factor finality test set forth in *Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181 (9th Cir. 2004) and its progeny. *See* Op. 10-17. That test considers "(1) whether the order 'conclusively resolves a separable legal issue,' (2) whether application of the 'potentially erroneous' ruling 'may result in a wasted proceeding' on remand before the agency, and (3) whether the lack of an immediate appeal would foreclose review 'as a practical matter.'" Op. 11 (quoting *United States v. U.S. Bd. Of Water Comm'rs*, 893 F.3d 578, 597 (9th Cir. 2018)). But, as the panel noted, no

3

single consideration "is a strict prerequisite to . . . jurisdiction." *Id.* (quoting *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1175 (9th Cir. 2011)) (cleaned up).

Applying these well-established considerations, the panel reasoned that the district court's remand "order contains several distinct legal rulings, the application of which would be entirely unnecessary if the court was incorrect," and that "it is unlikely that [CBD] would be able to obtain a favorable outcome in the remand proceedings ordered by the district court." Op. 12. On this final point, the panel read the district court's opinion as suggesting "that NMFS *cannot* reissue the same critical habitat designation" and noted that "NMFS could conclude during a remand that [the district court's order] prevents the agency from reaching the same result as before." Op. 16.

Moreover, the panel noted that, unlike in *Alsea Valley*, NMFS here "has only begun 'thinking' about remand, with no sense of when, if ever, it would issue revised designations." Op. 17. In *Alsea Valley*, the agency "had released an 'Action Plan' for the remand proceedings." *Id.* (quoting *Alsea Valley*, 358 F.3d at 1183). The uncertainty about remand here "weigh[ed] heavily in favor of . . . jurisdiction." Op. 16. And these

4

considerations outweighed the fact that "review of any post-remand [agency action] would not be foreclosed." Op. 12.

On the merits, the panel concluded that the district court erred in determining that NMFS's critical habitat designations were arbitrary and capricious. Op. 19-29. The panel determined that the habitat designations were within NMFS's discretion because: (1) the ESA does not require NMFS "to find that the entire designated area is itself 'essential' to the species, nor does the statute require an explanation for why a smaller area would not suffice," Op. 19; (2) the ESA does not require NMFS to consider foreign nation conservation efforts or the existence of foreign habitat in making its designations, Op. 23; (3) NMFS adequately studied the relevant impacts of its proposed designations, Op. 25; and (4) NMFS adequately explained its determination that prudence did not dictate a smaller designation, Op. 29.

Alaska petitions for rehearing en banc only on the panel's merits conclusions. Pet. 1-2.

## ARGUMENT

Federal Defendants take no position on the merits of Alaska's petition for rehearing en banc and whether the issues it raises qualify for rehearing en banc under Rule 40. While Federal Defendants initially appealed the district court's judgment, we dismissed our appeal and then addressed only this Court's jurisdiction in our post-dismissal brief. We respond only to explain that no further review is necessary for the panel's predicate jurisdictional ruling.

Orders remanding proceedings to an administrative agency generally "are not 'final decisions' for purposes of section 1291" and are not appealable by non-agency litigants. *Alsea Valley All. v. Dep't of Comm.*, 358 F.3d 1181, 1184-85 (9th Cir. 2004); *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1074-77 (9th Cir. 2010); *accord Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656 (D.C. Cir. 2013) ("It is black letter law that a district court's remand order is not normally 'final' for purposes of appeal.") (quoting *North Carolina Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008)). But, as the panel pointed out, this "principle is not inviolate," and this Court's case law allows for

6

an exception when various considerations warrant immediate review. Op. 10-11 (collecting cases).

The panel's determination that the exception applies here was based on its reading of the specific language of the district court's reasoning and its understanding of the practical ramifications of waiting to review until after any further agency action on remand. *See* Op. 12, 15-17. That factbound determination—applying this Court's settled law for the finality rule and its exception—warrants no further review. In applying *Alsea Valley* and its progeny, the panel decision conflicts with no decisions of this Court, other courts of appeals, or the Supreme Court. *See* Fed. R. App. P. 40(b)(2). Nor does the case present a question of exceptional importance, since it merely applies existing case law to the specific district court opinion and remand proceeding at issue here. *See id.*

## CONCLUSION

If this Court concludes rehearing en banc is not warranted to address the questions presented in Alaska's petition, it should likewise refrain from ordering rehearing en banc to examine the panel's factbound application of *Alsea Valley* and its progeny.

Respectfully submitted,

/s/ Jacob D. Ecker
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT J. LUNDMAN
JACOB D. ECKER
*Attorneys*
U.S. Department of Justice
Environment & Natural Resources
Division
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3045
jacob.ecker@usdoj.gov

July 27, 2026
90-8-6-08621

8

## CERTIFICATE OF COMPLIANCE

### Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

**9th Cir. Case Number(s)**: 24-7276, 24-7377

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition

for panel rehearing/petition for rehearing en banc/response to petition is

*(select one)*:

[ X ] Prepared in a format, typeface, and type style that complies
with Fed. R. App. P.
32(a)(4)-(6) and **contains the following number of words: 1,710.**

**OR**

[  ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not
exceed 15 pages.

**Signature** /s/ Jacob D. Ecker

**Date** July 27, 2026